# WEITZ & LUXENBERG

A PROFESSIONAL CORPORATION

• LAW OFFICES •

700 BROADWAY • NEW YORK, NY 10003
TEL. 212-558-5500          FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG
ROBERT J. GORDON ††


October 21, 2014

Via ECF

Hon. Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 26B
New York, New York 10007

                Re:    *Fitzsimons v CBS Corporation, et al.*,
                     Case No. 1:14-cv-02009

Dear Judge Griesa:

      By letter dated October 6, 2014, Plaintiffs respectfully asked this Court to remand this action to state court because, on October 2, 2014, this Court so-ordered a stipulation, executed by Plaintiffs and Defendant Crane Co., whereby all claims against Crane were dismissed with prejudice.[1] Plaintiffs explained that Crane was the only party that sought removal and was the sole defendant that opposed Plaintiff's Motion to Remand, rendering Crane's opposition moot. Plaintiffs also submitted a Proposed Order to effectuate as much.

      Attached, please find the order issued by Judge Alison Nathan yesterday, October 20, 2014 in *Crosby v A.O. Smith Water Products, Co.*[2] Under circumstances nearly identical to matter at hand, Judge Nathan remanded the *Crosby* action to state court.

---

[1] ECF Document No. 23.
[2] **Exhibit 1.**

200 Lake Drive East, Suite 205 • Cherry Hill, NJ 08002 • (856) 755-1115
1880 Century Park East, Suite 700 • Los Angeles, CA 90067 • (310) 247-0921



2179-123

Also attached is the order issued by Judge Gerard E. Lynch in *Smith v Anchor Packing Company*,[3] which is instructive. In *Smith*, Defendant Viad Corp. removed the action from state court to federal court on federal officer removal grounds, just as Defendant Crane did here. Then, the *Smith* Plaintiffs executed a stipulation dismissing claims against Viad, just as Plaintiffs did here. Plaintiffs moved to remand and Defendants Goodyear Tire & Rubber Company and Goodyear Canada Inc. opposed, arguing that their consent was required for remand.

Judge Lynch rejected their argument. After painstakingly examining the issue, Judge Lynch found that remand was warranted notwithstanding the objections of defendants who had not removed the action, nor joined in Viad's removal. Here, the circumstances are even more favorable to Plaintiffs because Defendant Crane was the *only* defendant that opposed Plaintiffs' motion to remand. Additionally, Plaintiffs' letter expressly sought this relief over two weeks ago and no defendant raised an objection since.

Accordingly, Plaintiffs respectfully submit that remand is warranted here, and respectfully seek such relief from this honorable Court.

Respectfully submitted,

WEITZ & LUXENBERG, P.C.
*Attorneys for Plaintiffs*
By: //ss// *Gennaro Savastano*
Gennaro Savastano, Esq. (GS-0723)
GSavastano@WeitzLux.com

TO: All Counsel via ECF.

---

[3] **Exhibit 2.**

2